IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRIAN K. MCCORT | * | |
| | * | |
| v. | * | Civil No. CCB-18-2521 |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Brian K. McCort filed a motion to return property, seeking the return of items seized from him upon his arrest. (ECF 1). The items are grouped in McCort's motion as belonging to "Annex A" or "Annex B." (*Id*. at 1; *see also* ECF 1-1, 1-2). According to McCort, the government should return the items in Annex A, as they have no evidentiary value. Further, McCort asks that the non-contraband information (e.g., tax data) stored on the Annex B items (a laptop computer, a USB device, and an external hard drive) be copied to an external portable electronic storage device and returned to him.

The government states that the items listed in Annex A have been returned to McCort's third party representative, Kenneth McCort. (*See* ECF 15-1 (Receipt for Property, signed by Kenneth McCort on August 13, 2019, and listing the returned items)). There appear to be some discrepancies between the items listed in Annex A and the items listed on the Receipt for Property. For example, McCort seeks the return of an "I-Pad Keyboard (Logitech)," (*see* ECF 1-1), which was not one of the items returned to Kenneth McCort, (*see* ECF 15-1). And it appears that the government returned a "generic desktop computer," an item not listed in either Annex A or Annex B. (*See id*.). Since the government filed its August 16, 2019, status report claiming that the Annex A items had already been returned, however, McCort has not filed anything with the court suggesting that the return of the Annex A items was incomplete or otherwise deficient.

1

Indeed, in a January 30, 2020, letter to the court, McCort notes that the government's January 17, 2020, status report, which noted that the Annex A items had been returned, was "a very informative overview of this case." (ECF 27). The court assumes, then, that McCort does not at this time seek additional items from the Annex A list.

With respect to the Annex B items, McCort concedes that the data on those items may need to be examined in connection with his pending 2255 motion, (*see* Civil Case No. CCB-19-212), and neither wishes to hire a forensic examiner nor have the government delete all the data and return the items to him. (ECF 27 (January 30, 2020, correspondence from McCort)). The court thus agrees with the government that McCort's request for the return of those items is premature. (ECF 30 at 2).

Accordingly, McCort's motion for return of property is DENIED WITHOUT PREJUDICE. The Clerk shall CLOSE this case.

So Ordered this  4th  day of August, 2020.

                                                    /S/
                                    Catherine C. Blake
                                    United States District Judge